FILED

2020 Nov-17  AM 11:26
U.S. DISTRICT COURT
N.D. OF ALABAMA

### In the United States District Court for the Northern District of Alabama, Southern Division

| | |
|---|---|
| **James L. Ramia,** <br> *Plaintiff,* <br><br> v. <br><br> **Butts Foods, Inc.,** <br> **Butts Foods, L.P.** <br> **Quirch Foods, LLC, and** <br> **Raymond Earl Butts, IV,** <br> *Defendants.* | |

## COMPLAINT

Plaintiff James L. Ramia ("Plaintiff" or "Ramia") files this Complaint against Defendant Butts Foods, Inc. and its successors in interest, Defendants Butts Foods, L.P. and Quirch Foods, LLC, and against individual Defendant Raymond Earl Butts, IV ("R.E. Butts").

## JURISDICTION

1)      This action is brought under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq*.

2)      This court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, in that this is a civil action arising under the laws of the United States, specifically the ADEA, 29 U.S.C. § 626.

## VENUE

3)      Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1391(b)(2). Defendant resides in this district and a substantial part of the events or

omissions giving rise to these claims occurred in this district. Plaintiff was employed by and terminated by Defendant in this district.

## PARTIES

4)      Plaintiff James L. Ramia is an Alabama resident over the age of 40. Plaintiff was employed by Defendant Butts Foods, Inc. from at least as early as October 2018 to January 2020.

5)      Defendant Butts Foods, Inc. ("Butts Foods") is a Tennessee corporation formed in 1970. At times relevant to this Complaint, Defendant employed at least 20 full-time employees and is a covered employer under the ADEA.

6)      Defendant Butts Foods, L.P. is a Tennessee limited partnership. Defendant Butts Foods, L.P. is the successor entity to Butts Foods, Inc. after it converted from a Tennessee corporation to a limited partnership on May 6, 2020.

7)      Defendant Quirch Foods, LLC is a Florida limited liability company. Quirch is a successor in interest to Defendant Butts Foods, Inc., having purchased that business in or about May 2020.

8)      Defendant Raymond Earl Butts, IV was the owner and operator of Butts Foods, Inc. during the period of Ramia's employment.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

9)      On June 23, 2020 Plaintiff timely filed charges of age discrimination with the Equal Employment Opportunity Commission ("EEOC").

10)    On August 18, 2020, the EEOC issued a Dismissal and Notice of Rights.[1] This Complaint has been filed within 90 days of receipt of that notice. Plaintiff has fully complied with all prerequisites to jurisdiction in this Court under the ADEA.

## STATEMENT OF FACTS

### I.    Failure to Pay Commissions, Retaliation

11)    From October 2018 to January 10, 2020, Ramia worked as a commissioned sales representative for Butts Foods.

12)    During Ramia's employment, Butts Foods paid base salary on a bi-weekly basis.

13)    During Ramia's employment, Butts Foods maintained various self-described "Commission Structures" in which employees would be compensated for commissions on sales.

14)    From October 2018 to February 2019, Ramia's base salary at Butts Foods was $550.00 each pay period and a 5% commission on gross sales, plus reimbursement of expenses.

15)    During this time period, commissions would be paid each pay period.

16)    During this time period, Ramia would receive an average of $6,000 in commissions each month, in addition to his base pay.

17)    In late February 2019, Butts Foods unilaterally changed Ramia's compensation to a base salary of $1,150.00 a pay period and a 3% commission on gross sales, plus reimbursement of expenses.

---

[1] The Dismissal and Notice of Rights was allegedly mailed on the same day, August 18, 2020, but a copy was never received by either Plaintiff Ramia or undersigned counsel. I suspect that an issue with the postal service may have created the issue, as we also did not receive other mailed notices around this time either.

18)     At this time Butts Foods shifted to paying commissions in a lump sum the first pay period following the month in which commissions accrued.

19)     Despite this change, Butts Foods did not pay Ramia commissions for either March or April 2019.

20)     Based on his prior sales, Ramia would have been entitled to at least $3,500 in commissions each of these months based on the new commission structure.

21)     From May to September 2019, Ramia received about $3,000 in monthly commissions, on average.

22)     In effect, Butts Foods' new commission structure *(had Butts Foods bothered to actually pay it)* would have resulted in a decrease in Ramia's pay of more than $750 per month, assuming no change in his sales.

23)     In October 2019, without warning, Ramia's compensation was changed again to $1,500.00 a pay period and *no* commission on sales.

24)     This effectively resulted in a decrease in Ramia's pay of more than $3,000 per month from what he had been paid from October 2018 to February 2019, a nearly 50% reduction in compensation for no stated reason.

25)     Despite this, in October 2019, Ramia agreed to remain employed by Butts Foods on the condition that he be paid the past-due commissions he had already accrued that had not yet been paid.

26)     In October 2019, Butts Foods promised Ramia that it would compensate him for the commissions he had earned through October 2019 that he had not yet been paid.

27)     By mid-November 2019, Butts Foods still had not paid Ramia the commissions he had earned.

28)     Over the next several weeks, Ramia repeatedly inquired about the payment of his commissions.

29)     On at least one occasion, including on November 21, 2019, Defendant Raymond Earl Butts, IV stated that employees would "receive something with next weeks checks." *[sic]*

30)     Ramia continued to work with Butts Foods based on the representation that he would eventually be paid these commissions.

31)     Despite this representation, Ramia did not receive a commission payment in the following weeks' payroll runs.

32)     In December 2019, Ramia increased his inquiries into the status of his past-due commissions payment.

33)     Butts Foods began threatening Ramia with both civil and criminal action if he continued to pursue payment for his commissions.

34)     Ramia continued to conduct sales calls and incurred personal expenses in furtherance of his employment with Butts Foods.

35)     On January 10, 2020, Ramia was terminated by Butts Foods.

36)     Butts Foods represented that the reason Ramia was terminated was "to save money."

37)     When he was terminated, Ramia was two weeks shy of his 64th birthday.

38)     To date, Ramia has not been paid for his accrued commissions or reimbursed for his expenses.

## II.     Post-Termination Retaliation

39)     Following his termination, Ramia took to social media to attempt to further inquire about his un-paid commissions.

40)     Ramia posted on social media in a place where it could be seen and commented on by other Butts Foods employees, both current, past, and future.

41)     In response, Defendant Raymond Earl Butts, IV sent a personal email directly to Ramia, threatening him with legal action for speaking out against the company's payment policies.

## III.     Discriminatory Intent

42)     In addition to Ramia, another sales representative above the age of 40 was terminated in late 2019 and/or early 2020.

43)     Another sales representative above the age of 40 terminated his employment with Butts Foods in late 2019 and/or early 2020, in part due to Butts Foods' refusal to pay commissions to that representative.

44)     Since Ramia's termination, Butts Foods hired two significantly younger sales representatives to his previous position.

45)     At no time since has Butts Foods offered to rehire Ramia.

46)     Beginning as early as January 2019, Butts Foods was considering a sale of the company to a third party.

47)     Defendant Butts Foods, Inc. was a more attractive acquisition target by a third party if it minimized its expenses, including specifically its payroll expenses.

48)     To further this end, Butts Foods terminated many older, more experienced sales representatives and replaced them with younger, less experienced sales representatives

and assigned them to the same sales routes developed and previously maintained by the terminated representatives.

49)     In May 2020, Butts Foods and Quirch Foods, LLC announced that Quirch had purchased Butts Foods for an undisclosed amount of money.

50)     On information and belief, Defendant R.E. Butts, IV personally benefitted from the sale of Butts Foods, indirectly profiting personally from his and his company's willful refusal to pay Ramia's earned commissions.

51)     On April 17, 2020 Ramia, though counsel, issued a demand to Butts Foods for outstanding compensation in the amount of $65,840.04 consisting of $15,843.56 in unpaid commissions, $515.81 in unreimbursed expenses, treble damages in the amount of $47,530.68 and attorney's fees of $1,950.00.

52)     On May 13, 2020, Butts Foods, through counsel, communicated that it refused to pay any amount to Ramia.

53)     To this day, Ramia has not yet received payment from Butts Foods.

## CAUSES OF ACTION

### IV.     Age Discrimination in violation of ADEA

54)     Plaintiff adopts by reference the facts alleged in his Statement of Facts above.

55)     Plaintiff James Ramia was, at all times relevant to this Complaint, over the age of 40.

56)     Pursuant to the ADEA, Ramia is a member of a protected class pursuant to 29 U.S.C. §§ 621-634.

57)     Defendant Butts Foods, Inc. inappropriately withheld Ramia's properly-earned commissions.

58)     Defendant Butts Foods, Inc.'s motivation in withholding Ramia's pay was due, at least in substantial part, to the relatively high compensation Ramia received as a function of his age and experience.

59)     WHEREFORE, Plaintiff James Ramia demands that Defendant Butts Foods, Inc. be found liable for a violation of the ADEA in discriminating against Ramia as a result of his age. Ramia requests that he be compensated for his services provided to Defendant Butts Foods according to his pre-February 2019 pay system through the date of his termination, special damages, and statutory damages, plus interest, costs, and attorney's fees to be proven before and decided by a jury.

## V.     Retaliation in violation of the ADEA

60)     Plaintiff adopts by reference the facts alleged in his Statement of Facts above.

61)     Defendants discriminated against the Plaintiff, or took adverse employment actions against him, because he opposed unlawful employment practices related to his age. Plaintiff acted on a good faith, reasonable belief that the practices or actions of Butts Foods violated applicable laws and protections.

62)     Because of these beliefs, Plaintiff had participated in protected activities, questioning and investigating treatment and impacts, opposing the same by speaking out and complaining under his beliefs regarding Defendants' discrimination, and ultimately participating in an EEOC complaint process.

63)     As Plaintiff continued to question the status of his unpaid commissions and expenses, Defendant Raymond Earl Butts, IV wrote to the Plaintiff that he would wait

on an audit to remedy any amounts owed and decide "whether or not to press criminal fraud charges."

64)     In the same communication, Defendant Raymond Earl Butts, IV then threatened civil prosecution before stating, "I understand you might have made a mistake with your Facebook post but I would strongly suggest not doing it again."

65)     Plaintiff was subjected to materially adverse actions at the time, or after, the protected conduct took place. Not only was Plaintiff refused payment of commissions and expenses and ultimately terminated, Plaintiff was threatened with the prospect of civil and criminal legal action in the immediate context of discussions about his speech voicing dissatisfaction with Defendant's acts or practices.

66)     Defendants' actions were materially adverse in that such well might dissuade a reasonable employee from likewise making or supporting a charge of discrimination or otherwise opposing discrimination or participating in the EEOC complaint process.

67)     Defendants' retaliatory motive and intent can be inferred from the fact that, were it not for such protected activity in which the Plaintiff engaged, Defendants' retaliatory activity would not have occurred.

68)     Defendant's actions were willful, malicious, fraudulent, and oppressive, and were committed with the wrongful intent to injure Plaintiff and in conscious disregard of Plaintiff's rights.

69)     As a result of Defendant's conduct, Plaintiff has suffered damages including economic losses in an amount to be determined at trial.

70)     Accordingly, Plaintiff is entitled to general compensatory damages, back pay, liquidated damages, front pay, and nominal damages.

71)     WHEREFORE, Plaintiff James Ramia demands that Defendant Butts Foods, Inc. be found liable for a violation of the ADEA in retaliating against Ramia as a result of his age. Ramia requests that he be compensated for his services provided to Defendant Butts Foods according to his pre-February 2019 pay system through the date of his termination, front pay following his termination, nominal damages, special damages, statutory damages, and punitive damages, plus interest, costs, and attorney's fees to be proven before and decided by a jury.

## VI.     Alabama Sales Representative's Commission Contracts Act

72)     Plaintiff adopts by reference the facts alleged in his Statement of Facts above.

73)     Ala. Code §8-24-2 provides, "all commissions that are due at the time of termination of a contract between a sales representative and principal shall be paid within thirty days after the date of termination."

74)     Plaintiff's commissions were due, in full, no later than February 10, 2020.

75)     Defendant Butts failed to pay the Plaintiff's commissions by February 10, 2020.

76)     Pursuant to Ala. Code § 8-24-3, "A principal who fails to pay a commission as required by Section 8-24-2 is liable to the sales representative in a civil action for three ties the damages sustained by the sales representative plus reasonable attorney's fees and court costs."

77)     Defendant Butts' arbitrary alteration of Plaintiff's compensation is void, as it was not supported by consideration and, as set forth in this Complaint, was based on a fraudulent misrepresentation. Furthermore, Defendant Butts Foods inconsistently paid commissions according to its self-proclaimed "Commission Structure" rubric. Accordingly, Plaintiff is entitled to his compensation through January 10, 2020 based on his pre-February 2019 pay scale.

78)     WHEREFORE, Plaintiff James Ramia demands that Defendant Butts Foods, Inc. be found liable for a violation of the Alabama Sales Representative's Commission Contracts Act. Ramia requests that he be compensated for his services provided to Defendant Butts Foods according to his pre-February 2019 pay system through the date of his termination, special damages, and statutory treble damages, plus interest, costs, and attorney's fees to be proven before and decided by a jury.

## VII.     Fraudulent Inducement

79)     Plaintiff adopts by reference the facts alleged in his Statement of Facts above.

80)     In October 2019, when Plaintiff's compensation was yet again changed by the Defendant, Defendant assured Plaintiff that he would be paid the commissions he had earned through that month, with the intent that Ramia should remain with and work for Defendant.

81)     As evidenced of this suit these promises by the Defendant were indeed false as neither the commissions nor the expenses were ever paid to the Plaintiff.

82)     As demonstrated by the facts alleged, Defendant knew the representation to be false as the Plaintiff has been terminated within four months of the change in commission payments without his legally entitled compensation.

83)     Alternatively, Defendant made its positive assertions to Ramia regarding imminent payment of commissions and expenses recklessly and without any knowledge of the truth.

84)     Plaintiff stayed at the company on reliance of the Defendant's promise that he would be paid the commissions he had earned through October 2019.

85)     If Plaintiff had known he would not be compensated for commissions and expenses, he would not have stayed at the company.

86)     Therefore, Plaintiff suffered loss of income he was legally entitled to and promised by the Defendant.

87)     WHEREFORE, Plaintiff James Ramia demands that Defendant Butts Foods, Inc. be found liable for fraudulent inducement. Ramia requests that he be compensated for his services provided to Defendant Butts Foods according to his pre-February 2019 pay system through the date of his termination, special damages, and statutory treble damages, plus interest, costs, and attorney's fees to be proven before and decided by a jury

## VIII.    Fraudulent Suppression

88)     Plaintiff adopts by reference the facts alleged in his Statement of Facts above.

89)     Plaintiff inquired to the Defendant on at least two separate occasions regarding the payment of the commissions owed to him through October 2019, and the Defendant was unresponsive, suppressing information regarding its internal decisions to withhold rightful payment of commissions and expenses to Ramia while seeking to inflate its numbers in anticipation of sale to Quirch Foods, LLC

90)     Defendant, as the Plaintiff's employer, had a duty to communicate to its employee regarding the compensation promised by the Defendant.

91)     As a result of Defendant's fraudulent suppression of material fact, Plaintiff remained with and worked for the Defendant until being terminated without his legally entitled compensation in the amount of $65,840.04 consisting of $15, 843.56 in unpaid commissions, $515.81 in unreimbursed expenses, treble damages in the amount of $47,530.68 and attorney's fees of $1,950.00.

92)     WHEREFORE, Plaintiff James Ramia demands that Defendant Butts Foods, Inc. be found liable for fraudulent suppression. Ramia requests that he be compensated for

his services provided to Defendant Butts Foods according to his pre-February 2019 pay system through the date of his termination, special damages, and statutory treble damages, plus interest, costs, and attorney's fees to be proven before and decided by a jury

## IX.    Vicarious/Successor Liability of Butts Foods, L.P.

93)    Plaintiff adopts by reference the facts alleged in his Statement of Facts above.

94)    Butts Foods, L.P. is a successor in interest to Butts Foods, Inc.

95)    There has been sufficient continuity in the business operations and work force of the predecessor and successor to justify imposition of liability.

96)    Butts Foods, L.P. had notice of Plaintiff's claims and of its predecessor's practices.

97)    As a successor in interest, Butts Foods, L.P. is is properly held liable for the actions of the predecessor entity, being positioned to remedy the prior unfair acts or practices of its predecessor, or to seek indemnification from its predecessor

98)    WHEREFORE, Plaintiff James Ramia requests that any judgment entered be jointly and severally entered again Butts Foods, L.P.

## X.    Vicarious or Successor Liability of Quirch Foods, LLC

99)    Plaintiff adopts by reference the facts alleged in his Statement of Facts above.

100)    Quirch Foods, LLC is a successor employer and successor in interest to Butts Foods, Inc.

101)    There has been sufficient continuity in the business operations and work force of the predecessor and successor to justify imposition of liability.

102)    Quirch Foods had notice of Plaintiff's claims and of its predecessor's practices.

103)    As a successor in interest, Quirch Foods, LLC is properly held liable for the actions of the predecessor entity, being positioned to remedy the prior unfair acts or practices of its predecessor, or to seek indemnification from its predecessor

104)    WHEREFORE, Plaintiff James Ramia requests that any judgment entered be jointly and severally entered again Quirch Foods, LLC.

## XI.    Unjust Enrichment / Fraudulent Suppression against R.E. Butts

105)    Plaintiff adopts by reference the facts alleged in his Statement of Facts above.

106)    Defendant Raymond Earl Butts, IV personally financially benefitted from the sale of Butts Foods, Inc. to Quirch Foods, Inc.

107)    In selling Butts Foods, Inc. to Quirch Foods, LLC, Raymond Earl Butts, IV either explicitly agreed to assume pre-existing liabilities for Butts Foods, Inc. through the relevant purchase agreement, or he failed to disclose the liability of Ramia's claim for commissions.

108)    WHEREFORE, in either scenario, Defendant Raymond Earl Butts, IV would be personally liable to Ramia either explicitly through the purchase agreement or implicitly by failing to disclose the liability and profiting from his refusal to pay Ramia.

## XII.    Fraudulent Transfer against R.E. Butts

109)    Plaintiff adopts by reference the facts alleged in his Statement of Facts above.

110)    Defendant Raymond Earl Butts, IV personally financially benefitted from the sale of Butts Foods, Inc. to Quirch Foods, Inc.

111)    In selling Butts Foods, Inc. to Quirch Foods, LLC, Raymond Earl Butts, IV transferred certain assets belonging to Butts Foods, Inc. to himself, despite knowledge of Ramia's claim.

112)    WHEREFORE, Defendant Raymond Earl Butts, IV should be found liable to Plaintiff James Ramia for any and all assets transferred by R.E. Butts from Butts Foods, Inc., up to the full amount of the judgment or the amount transferred, whichever is less.

## JURY DEMAND

The Plaintiff demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully requests that the court award him:

1. All past lost wages and benefits, plus interest;

2. Compensatory damages suffered because of this discrimination and retaliation;

3. An order that Defendant reinstate Plaintiff to a position comparable to his former one,

   or, instead of reinstatement, award him front pay and benefits;

4. All costs and reasonable attorney fees incurred in connection with this action; and

5. Any other damages and further relief as deemed just.

Respectfully submitted,

*/s/ Joseph E. "Tripp" Watson, III*
Joseph E. "Tripp" Watson, III

*/s/ John R. Bowles*
John R. Bowles

Attorneys for Plaintiff James Ramia
tripp@watson.firm.com
john@watson.firm.com

**OF COUNSEL:**
The Watson Firm
2007 3rd Avenue North
Birmingham, Alabama 35203
Telephone: (205) 545-7278
Email: contact@watson-firm.com

## REQUEST FOR SERVICE

Plaintiff requests that the Defendants be served with a copy of this document on the parties listed below by ☐ First-Class Mail ☐ Certified Mail ☐ electronic mail ☐ notice through electronic filing ☒ hand-delivery through private process server:

Butts Foods, Inc.
c/o Raymond Earl Butts, IV, Registered Agent
317 East Orleans Street
Jackson, Tennessee 38301-5400

Butts Foods, L.P.
c/o Raymond Earl Butts, IV, Registered Agent
317 East Orleans Street
Jackson, Tennessee 38301-5400

Quirch Foods, LLC
c/o Corporate Creations Network, Inc., Registered Agent
801 U.S. Highway 1
North Palm Beach, Florida 33408

R.E. Butts, IV
317 East Orleans Street
Jackson, Tennessee 38301-5400

*/s/ Joseph E. "Tripp" Watson, III*

*/s/ John R. Bowles*